with 21-2442 and 21-3148, I think there's another number on there, 23-6185, which is United States of America v. Saleem. And I understand Mr. Freifeld will be leading off, is that right? Yes, Your Honor. And you would like to reserve two minutes for rebuttal? Yes, Your Honor. Please proceed. There's a fourth docket that's consolidated, I should Okay, well, the more the merrier. We expect you to argue on all of them. Thank you. May it please the Court, Andrew Freifeld on behalf of Mr. Saleem. I did not represent Mr. Saleem below at the risk of not arguing the first issue that the Court might wish me to. I just want to point out that counsel did nothing for my client below, that last counsel that was there for him. He was it took five months for him to reach out to my client. He never... Can I just pause you here? Yes. Just so we know analytically which part of which argument you're making this in respect to. This is in respect to the appeal from the Quorum Novus? Yes. In relation to what issue are you talking about in effective assistance? The Quorum Novus. Okay. And just so analytically, I know what we're talking about. That has nothing to do with whether your client filed a timely appeal from the May 2019 NALI. That's true. Okay, good. Let me just... Quorum Novus. Quorum Novus should be granted by virtue of counsel's failure to what? Advise your client that he could file the appeal? Yes, as well as to oppose the 48A motion. Got it. Okay, that's helpful to frame things. Yes. Yes. And by saying that my client was not advised that he could file a notice of appeal, that does raise an issue of under Strickland. Okay. How your client passes the prejudice prompt? What would have been different? What would Judge Kaplan have done differently had a lawyer made an argument? That's exactly where I was going. Excellent. When the parties appeared in November of 2018, for the first time in many years, Judge Kaplan said to the parties, there's been no exclusion of any speedy trial time since about 15 years ago. Please report to me, both of you or either of you, on what the status is of the speedy trial statute. My client's attorney, believing that the government was going to file the doly, didn't bother to respond to the court about the status of the speedy trial time. Nor did the government. It's inexplicable that neither the government nor counsel got back to the court on how this case is viable if there's been no exclusion of time for over 15 years. Counsel did not... Counsel was ineffective because he failed to file a speedy trial motion. Now the government... Can I just ask you to then draw your attention to... I understand that's how he would have been ineffective before the district court. Yes. But it seems to me that you need to get over a prior procedural hurdle, and maybe you can, which is there was no notice of appeal filed from the May 2019 doly. So that's what you have to get over, that counsel was ineffective for failing to, I suppose, failing to file a notice of appeal then? Why don't you just analytically package it? Tell me if it can be packaged in that way, your ineffective assistance claim. Yes. Okay, that was the, that goes to the prong one on district one, right? What you're honest pointing out goes to prong one. I was only discussing prong two for now. Well, right, that has to be what? That you would win on appeal, right? No, I don't agree with that at all. That's what the government's position. No, I don't think we have to win on appeal. This court... You would have won on that appeal is my point. Let's say prior counsel had said, yeah, go ahead, let's file a notice of appeal. That would be the performance prong that he didn't live up to. True. So the prejudice prong is what would the outcome have been? Unfortunately, I didn't brief the issue, but it doesn't mean that the court can't decide it. Under Garcia and Camposano, two cases from this court, Judge Sotomayor wrote the opinion in Camposano. If the defendant can that his counsel never advised him about filing the notice of appeal, prejudice is presumed. He does not have to show that he would have won the appeal for purposes of the prejudice prong under Strickland. He need only show that he lost the ability to have the appeal. It's sort of an exception under Strickland. I understand the Supreme Court has never thrown out the prejudice prong completely, but this court has determined that in that unique circumstance of failure of counsel to say that an appeal should be filed, to advise his client about filing an appeal, the client need not show prejudice. Prejudice is presumed. Should he at least show a substantial question for the appeal? Yes. I mean, this court hasn't held that, but I can understand why that would be a concern. Because I mean, if the court thought it would have been a frivolous appeal, there's no sense reinstating it. Okay. I don't disagree with that. I don't know any law on that, that certainly would tend to make sense. No law either way. Frivolous, frivolous. No law either way. That's my belief. So what's your issue that would have been raised that is at least substantial? Okay. This also, this issue distinguishes this case from most of the cases that the government relies on. Our argument is not that Judge Kaplan erred in failing to issue an own no-lay with prejudice. Judge Kaplan erred in not affording my client the opportunity at all to oppose the motion in the first place. So that is the issue that... But that seems like that's the procedural error, not the prejudice to your client. You're saying that the loss of procedure was the prejudice, which seems unusual to me. Usually we talk about a change in the outcome, right? Prejudice is a reasonable likelihood, a reasonable probability of a different outcome. Now, usually we're talking about a conviction and someone says, well, the outcome would have been an acquittal, or they're challenging a sentence and they say, well, the outcome would have been different because I'd get a lower sentence. I'm not sure how you argue that the prejudice here is, I guess, not, you're arguing it's not tied to a difference in the outcome? Because that's... Yes, I am, yes. As I've tried to argue, at least for purposes of his failure to advise his client that he can take an appeal, we don't have to show prejudice. So what I was doing... That's Camposano, that's your argument. Yes. Now, was Camposano, remind me because it's been a while, was that a direct appeal of a conviction and sentence? Not sure. I don't remember either. So what I'm wondering is, and this maybe gets to Judge Newman's question, well, how is that argued, is it arguably different where the outcome here was not a conviction or a sentence or anything that has an adverse consequence for the client, but a dismissal of the charges? Well, I don't agree that there's no adverse consequence to my client. And in our reply brief, we write on Klopfer versus North Carolina. I believe that, and that's on pages 16 through 20 of our reply brief. Klopfer, couldn't the prosecutor at any point reinstate the charges just on its own say so? Okay, I just don't see that, Your Honor, as a distinction. There is a difference. Yeah, why is that different? I don't think it's... Yeah, I don't think it's different. I think that Klopfer compromised par, to say the least. What is the difference between a NOLI where it remains on the calendar, where it remains on the docket, if you will, and a NOLI where it doesn't remain on the docket? In either event, the government can come and reinstate the charges and reinstate the prosecution. I guess that wasn't the impression they'd have to go back to a grand jury and get a new indictment. Are you suggesting... Even if that's true, so... Well, actually, no, this is a helpful clarification. Maybe the government can speak to it. Is it your view that with the district court's ruling at any point, the government could just put the old indictment back on the docket and we start again? Or is it your view that if they wanted to do it, they would have to go to a grand jury? It's our view that they would have to go to a grand jury. Okay. I just don't see that as a distinction, though. My client's rights are being compromised the same whether they have to go back to the grand jury or they don't have to go back to the grand jury. All right, you've reserved a couple minutes unless there are any questions right now. Why don't we hear from the government and then you've reserved two minutes. I have, thank you. And maybe if the government could start with a clarification of its view on that last point. Absolutely, Your Honor. My name is Stephen Richen. I'm an assistant United States attorney in the Southern District of New York, and I was one of the AUSAs involved in the proceedings below. The court is absolutely right that the government would have to go back to a grand jury and reindict Mr. Salim, were it to decide that it needed to pursue these charges against him again. Klopfer is entirely different. Klopfer was not a federal case. It was a state case in which there was a suspension of the charges against the defendant, which the prosecutor could put back on the calendar at any time. In addition, the defendant in Klopfer had no ability to challenge the case during this period of limbo, and so he had no opportunity to preserve or assert his speedy trial rights. In this case, the indictments have been dismissed, and a new prosecution begins only if the government goes into the grand jury, persuades a grand jury that there's probable cause to believe that these crimes have been committed, satisfies statute of limitations, etc. There's no statute of limitations on the murder charges, right? And the other ones, is there statute of limitations? I can't remember. I believe that because death resulted, that the statute of limitations will not apply to these particular charges, but as a sort of categorical matter, this is a very different kind of proceeding. Could Mr. Salim raise speedy trial claims in your view if he were to be re-indicted on the same charges? Yes. What would the government's view be as to whether there had been a speedy trial violation? I don't know the answer to that without having explored the record in greater detail. It sounds like the judge was saying there had never been trial exclusions. It sounded like everyone just forgot this case was on the books. Yes, I mean, that is certainly a normal circumstance that would warrant dismissal with prejudice. Now, I don't know. Or perhaps without. And then there's the overlay of the constitutional speedy trial right, and all of that would have to be assessed based on the conditions at the time, which segues into another point, which is the claim by Mr. Salim's appellate counsel that Mr. Fasulo did nothing for him. As a general response to that, Mr. Fasulo obtained dismissal of very serious charges against Mr. Salim. How clear is the record that he obtained it, or that the government just did it unilaterally? There is in the record evidence of discussions between Mr. Fasulo and the government. The record doesn't disclose the content. I guess my concern with that argument is it sounds like you're asking us to adjudicate the first prong of performance under Strickland on our own. No, no, I'm not asking this court to adjudicate it on its own. On its own, I'm saying that the defense has failed to meet its burden of showing that either of the prongs of Strickland was met. For example, one of the claims that defense counsel has made here is that there was a failure to advise Mr. Salim of his right to an appeal. First, as a factual matter, the record is not clear on that. What we have is a letter from Mr. Fasulo to Mr. Salim saying, essentially, case is over. If you have any questions, let me know. The backdrop at this point is that Mr. Salim is taking the view that he should not be talking to his lawyer. Moreover, there is no right to appeal. Under par and real or reality, Mr. Salim did not have standing to appeal from the dismissal of the charges against him, whether they were with or without prejudice. And so the notion that Mr. Fasulo somehow failed and therefore violated Strickland by failing to tell his client of his right to appeal is meritless because he did not have a right to appeal. Because you can't appeal when you win. Yes, that seems to be the gist of what the Supreme Court is getting at in par and what this court is getting at in reality. And the notion that there is no need to prove prejudice is inapplicable in this context. There may be some situations after a judgment is entered, after a defendant is found guilty, in which there's no need to prove prejudice based on a failure to advise of a right to appeal. But this is a dismissal of the charges against the defendant. This is not an adjudication of his guilt or a judgment against him. This is a situation in which, according to the Supreme Court and according to this court, he is neither legally injured nor legally aggrieved. Turning to the issues that were skipped over, there are four independent reasons why this court should dismiss the challenge to the entry of the Nali. It is time barred. Mr. Saleem has no standing to bring it. It is not an appealable order because it's neither a final order nor does it fit within the collateral order doctrine. And Mr. Saleem did appeal from the entry of the Nali. It wasn't in his notices of appeal. And turning to quorum nobis, which is the basis for the argument that you just heard, there was no abuse of discretion by Judge Kaplan in denying that extraordinary relief, which is reserved for errors of a fundamental character that rendered the proceeding itself irregular and invalid. That was not what happened here. There are no circumstances compelling issuance of the writ to achieve justice. To the contrary, this is an appeal from the dismissal of charges against Saleem, which, as I just mentioned, neither aggrieved nor injured him. The dismissal was warranted by his life sentence in the attempted murder case. And should circumstances change, such as if his life sentence were to be vacated, in light of the very serious charges against him in the embassy bombings case, the government should be permitted to reconsider at that point whether to seek to reindict Mr. Saleem, go back to the grand jury and take all the appropriate steps. And as Judge Kaplan pointed out, there were no legal consequences from his conviction that can be remedied by the granting of the writ. He has not been convicted in the embassy bombings case. He is in prison for life on other charges. The prison has been notified that the embassy bombings charges have been dismissed. So there was no abuse of discretion on Judge Kaplan's part in denying the petitions for Coram Novus relief. If the court has any questions, I'd be happy to answer them. Otherwise, the government will rest on its briefs. No, thank you very much. Mr. Frankl, you reserved two minutes for rebuttal. Is the issue of whether my client was denied the opportunity to oppose the 48a motion not before this court? I think that it is. And that's where he is aggrieved. He was completely denied the opportunity to even oppose the motion at all. And because of his counsel was ineffective, he didn't point that out to the district court that we should have the opportunity to oppose the motion. Everything that my friend says is true about how the facts of Klopfer are different from the facts here. There, they didn't have to go back to the grand jury. And here, they do have to go back to the grand jury. So what? What does that have to do with whether or not the defendant is aggrieved by the fact that a no-lay has entered without prejudice? In both cases, the defendant is equally aggrieved. In both cases, the order is just as not final as it is between Klopfer and Parr. I don't think that it's proper to just say, well, this case is different than that case because these facts are X and these facts are Y, without saying what makes X different from Y. And Selena's Fifth Circuit case has stated that Klopfer calls the viability of Parr into question. And I think that that issue is squarely before the court at this point. Counsel told my client over 14 days after the no-lay entered that this case is over. It's over and done. You never have to worry about it again. How could he? That is, one, reflects his belief that he wasn't entitled to oppose the 48A motion. And two, it reflects his belief that under no circumstances would he have the right to appeal. That's the sum and substance of our arguments. For these reasons, and again, I'm not, I've never said that the court should order that the no-lay enter with prejudice. I've only said that the case should be remanded so that Judge Kaplan can make a decision on that and my client should have counsel in connection with that position. Thank you very much. Thank you very much to both counsel for your very helpful arguments. And we will take the case under advisement.